IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OTTERBEIN COLLEGE, | : | |
| Plaintiff | : | Civil Action 2:08-cv-1048 |
| v. | : | Judge Smith |
| THE CONTINENTAL INSURANCE COMPANY, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

## PROTECTIVE ORDER

Certain information and documents have been and may be sought, produced or exhibited by and among the parties to the above captioned proceeding (the "Proceeding"), which the party making the production deems confidential. It has been agreed by and among the parties in the Proceeding, through their respective counsel, that a Protective Order preserving the confidentiality of certain information and documents and addressing the inadvertent production of both privileged and confidential information should be entered by the Court.

Accordingly, the Court enters this Protective Order as follows:

1. This Protective Order shall govern all documents, the information contained therein and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, interrogatory answer, responses to requests for admission, other testimony, discovery response or otherwise, by any

Party (a "Supplying Party") to any other Party (a "Receiving Party"), and includes non-parties who receive a subpoena in connection with this Proceeding, when designated in accordance with the procedures set forth herein. This Protective Order is binding upon all parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. As used in this Order, the term "Confidential Material" shall mean trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential. Confidential Material does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order if they agree to be bound by its terms and conditions.

4. Any Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" any document or other materials produced (whether pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, pursuant to subpoena or by agreement

between the Parties), or any testimony given in this Proceeding, if the testimony or discovery material is believed, in good faith, by that Party to constitute, reflect or disclosure Confidential Material. ("Designated Confidential Material").

5. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as Designated Confidential Material by marking the first page of the document and each subsequent page thereof with a legend substantially as follows:

### CONFIDENTIAL INFORMATION
### SUBJECT TO PROTECTIVE ORDER

Any Party may designate "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" those portions of a deposition transcript containing Confidential Material. Such party designating testimony as Designated Confidential Material shall make such designation either: (a) on the record, during the taking of the deposition, in which case the court reporter shall so mark each page or portion of the deposition containing Designated Confidential Material; or (b) by written notice to all parties within thirty (30) days of the deposition testimony to be designated. Whereupon each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in that party's possession, custody or control. Prior to the expiration of the thirty (30) day period, all such deposition testimony shall be treated as Designated Confidential Material.

6. Designated Confidential Material shall be disclosed by the Receiving Party only to the following persons:

    a. outside counsel employed by the Receiving Party to assist in the

Proceeding; the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

b.      such officers and employees of the Receiving Party, including in-house counsel, as outside counsel for that party deems necessary in connection with this Proceeding;

c.      any outside consultant, investigator or expert who is assisting counsel or a party to the proceeding and to whom it is necessary to disclose Designated Confidential Material for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding, provided, however, that such outside consultant, investigator or expert is first advised of the terms of this Confidentiality Order and agrees to be bound by its terms;

d.      the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

e.      stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding;

f.      Deponents, including their counsel, in this Proceeding;

g.      Any person who a party's attorney believes may be called to give testimony at any stage of this Proceeding on matters relating to Designated Confidential Material (provided, however, that all documents and copies thereof shall be returned by the potential witness and/or his or her attorney to the party or its attorney upon final resolution of this Proceeding);

h.      Any person necessary to authenticate or establish an evidentiary basis or foundation for admissibility of any document designated as Designated Confidential Material under the Federal Rules of Civil Procedure; and

i.      Any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any party or its counsel is contractually or legally obligated to make such disclosure to the extent necessary for this Proceeding or any other reinsurance matters relating to the underlying claims which are the subject of this Proceeding.

7.     Persons having knowledge of Designated Confidential Material by virtue of their participation in the conduct of the Proceeding shall use that Designated Confidential Material only in connection with the prosecution, defense or appeal of the Proceeding or any reinsurance matter relating to the underlying claims which are the subject of this Proceeding.  Said person shall neither use Designated Confidential Material for any other purpose nor disclose Designated Confidential Material to any person who is not listed in paragraph 6 of this Protective Order.

8.     Nothing shall prevent disclosure beyond the terms of this Protective Order if a Party designating the material as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" (or its counsel) consents in writing to such disclosure, or if the Court orders such disclosure.

9.     Any Party that is served with a subpoena or other notice compelling the production of any Designated Confidential Material produced by another Party is obligated to give immediate written notice of such subpoena or other notice to the original Supplying Party.

10.    Counsel shall take all reasonable steps to ensure the security of any Designated Confidential Material and will limit access to Designated Confidential Material to those persons listed in paragraph 6 of this Protective Order.

11.    Any person who makes any disclosure of Designated Confidential Material permitted under this paragraph to persons described in paragraph 6, shall advise each such person to whom such disclosure is made concerning the terms of this Order and shall make such disclosure subject to agreement to comply therewith, except that with respect to auditors, reinsurers and reinsurance intermediaries,

Insurer's obligation shall be limited to advising them of the terms and existence of this Order.  If a non-party witness (i.e., a person that is not a current employee or expert witness of any Party) from whom testimony is being taken has been advised concerning the terms of this Order and refuses to agree to its terms, that witness shall not be provided Designated Confidential Material by any Party except for review during his or her testimony.  The witness shall not be entitled to take or retain any Designated Confidential Material reviewed during his or her testimony.

12. If a Supplying Party inadvertently produces or inadvertently fails to designate information, documents, objects, or things that it considers to be, in whole or in part, privileged or protected Confidential Material, such privilege or protection is not waived and it may retrieve such information or materials or parts thereof as follows:

> a. Within fourteen (14) days (i) after the discovery of the inadvertent production or (ii) after a document has been marked at a deposition or attached to a motion, but in any event no less than ninety (90) days before trial, the party claiming an inadvertent production or inadvertent lack of designation shall give written notice to all other parties that the party claims such information or material to be, in whole or in part, privileged or protected and shall state the nature of the privilege or protection.
>
> b. Upon receipt of such notice, all parties who have received copies of the produced information or material shall respond to such notice in the manner set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13. Except as agreed in writing by counsel of record, to the extent that any Designated Confidential Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and

that document shall be designated and treated as a "Sealed Document" under the procedures set forth in Local Rule 79.3. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and shall bear the following statement which shall also appear on the sealed envelope:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court. The protection to be afforded Confidential Information at trial of this Proceeding shall be addressed in the final pre-trial order to be entered in this Proceeding.

14. Upon the conclusion of the proceeding, including any appeals related thereto and at the written request and option of the Supplying Party, all Designated Confidential Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party. In the alternative, the Receiving Party may certify that all copies of such materials shall remain confidential until the time of their destruction.

15. If Designated Confidential Material is disclosed to any person other than in

the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

16. With respect to any material which has been designated as Confidential Material by a party, the Receiving Party may seek and obtain, upon an appropriate showing, a determination that such material should not be deemed Confidential. Any party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of discovery material.

17. Nothing in this Protective Order shall be construed in any way as a finding that any particular document or information is or is not privileged, protected, confidential or admissible in evidence. Compliance with this Protective Order shall not operate as an admission that any particular, testimony, document or thing is admissible for any purpose.

18. Neither the provisions of this Protective Order nor any disclosure of Designated Confidential Material by any party pursuant to this Protective Order shall constitute a waiver at any time or in any other litigation, of any attorney-client, joint defense, work product or other privilege, doctrine or protection, including protections afforded by the Federal Rules of Evidence.

19. Nothing contained in this Protective Order shall preclude any party from using its own Designated Confidential Material in any manner it sees fit, without prior consent of any party or the Court.

20. Nothing in this Protective Order shall bar or otherwise restrict any attorney for any Party from rendering advice to his or her client with respect to this Proceeding.

21. This Protective Order shall survive the termination of this Proceeding and continue in full force and effect.

The Parties' Joint Motion (Doc. 23) is furthermore **GRANTED**.

**IT IS SO ORDERED**.

s/Mark R. Abel  
United States Magistrate Judge